IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 6:17CR41 |
| v. | § | JUDGE CLARK/MITCHELL |
| | § | |
| STACY GODSEY (01) and | § | |
| JOSEPH SHAY BURTON (02) | § | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1

Violation: 21 U.S.C. §§ 963, 952(b), 960(a)(1), and 960(b)(5) (Conspiracy to Import Anabolic Steroids)

Beginning in or about July 2014, the exact date being unknown, and continuing to on or about April 1, 2016, in the Eastern District of Texas, and elsewhere, the defendants, **Stacy Godsey** and **Joseph Shay Burton**, along with others both known and unknown, did knowingly and willfully combine, conspire, confederate, and agree together to violate the laws of the United States, to wit, 21 U.S.C. §§ 952(b), 960(a)(1) and 960(b)(5), prohibiting the importation of anabolic steroids, Schedule III controlled substances, into the United States from a place outside thereof, namely China.

In violation of 21 U.S.C. §§ 963, 952(b), 960(a)(1), and 960(b)(5).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c)

1. The allegations contained in Count 1 of this information are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2. Upon conviction of any violation of 21 U.S.C. § 963, the defendants, **Stacy Godsey** and **Joseph Shay Burton**, shall forfeit to the United States of America any property constituting or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, pursuant to 21 U.S.C. § 853.

3. The property which is subject to forfeiture includes but is not limited to the following:

   Approximately $34,270.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the foregoing offenses alleged in this information;

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 28 U.S.C. § 2461(c), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

   a. Cannot be located upon the exercise of due diligence;

b.  Has been transferred, or sold to, or deposited with a third party;

c.  Has been placed beyond the jurisdiction of the Court;

d.  Has been substantially diminished in value; or

e.  Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the names of **Stacy Godsey** and **Joseph Shay Burton**.

5.  By virtue of the commission of the offenses alleged in this information, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c).

All pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c).

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

/s/ Nathaniel C. Kummerfeld
NATHANIEL C. KUMMERFELD
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 6:17CR41 |
| v. | § | JUDGE CLARK/MITCHELL |
| | § | |
| STACY GODSEY (01) and | § | |
| JOSEPH SHAY BURTON (02) | § | |

## NOTICE OF PENALTY

## COUNT 1

VIOLATION:   Title 21, United States Code, Sections 963
             Conspiracy to Import Anabolic Steroids

PENALTY:     Imprisonment of not more than 10 years; a fine not to exceed
             $500,000, or twice any pecuniary gain to the defendant or
             loss to the victim(s); and at least 2 years supervised release.

SPECIAL ASSESSMENT: $100.00